IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TEOFILO ASCENCIO GARCIA,

      Petitioner,                     No. 2:12-cv-1060 GGH P

   vs.

RANDY GROUNDS,

      Respondent.                ORDER TO SHOW CAUSE

_____/

Introduction

      Petitioner is a state prisoner proceeding in pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is respondent's June 28, 2012, motion to dismiss on the grounds that this action is barred by the statute of limitations.  Petitioner has filed an opposition based on equitable tolling.  Review of the papers indicates that petitioner has failed to provide support for his allegations that his attorney abandoned him during the appeals process, causing delay in the filing of his habeas petition.  Although petitioner refers to his own declaration as Exhibit A, the only attachment to the opposition is a verification by petitioner, stating only that the facts set forth therein are true.[1]  Petitioner also refers to an Exhibit

---

[1] Petitioner has attached a declaration to the petition, stating that he paid his attorney $10,000 to appeal his sentence and file a "subsequent appeal," but that this attorney "was doing

1

C, indicating his counsel's previous history of negligence and abandonment of his clients, but that Exhibit is not attached.

      More importantly, petitioner has not submitted any documentation concerning the agreement between petitioner and his counsel that would indicate which appeals this attorney was retained to file on petitioner's behalf, or exactly what legal work would be done in exchange for petitioner's $10,000 payment.  Petitioner should also submit documentation, if available, supporting his late discovery that his attorney did not file certain appeals, such as when he discovered this information, e.g., a letter sent by petitioner to his attorney at the time he discovered no appeal had been filed asking why no appeal was filed.  If petitioner has documentation supporting his efforts since March 7, 2007, when direct review became final, to determine the status of his appeals or whether his attorney was working on them, he should also submit those documents.

      Accordingly, IT IS HEREBY ORDERED that: within twenty-one (21) days of this order, petitioner shall show cause for his assertion of equitable tolling by providing a further declaration containing specific, relevant facts and/or documentation in support of his assertions.

DATED: January 9, 2013

                /s/ Gregory G. Hollows
           UNITED STATES MAGISTRATE JUDGE

GGH:076
Garc1060.osc.wpd

---

nothing." (Dkt. no. 1 at 78-19.)